# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-0578V
Filed: August 24, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| SUSANNE MURPHY, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *    Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *    Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Debra Begley, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 8, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination she received on September 23, 2013. On May 4, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 28).

On July 26, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 33). Petitioner requests attorneys' fees in the amount of $23,818.55 and attorneys' costs in the amount of $1,370.36 for a total amount of $25,188.91. *Id.* In compliance

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses. (ECF No. 34).

On August 4, 2016, respondent filed a response to petitioner's motion. (ECF No. 35). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she asserts that a reasonable amount for fees and costs in the present case would fall between $16,000.00 and $18,000.00, citing two "similarly situated" cases. *Id.* at 3.

On August 15, 2016, petitioner filed a reply. (ECF No. 36). Petitioner argues that respondent has offered "no detailed objections," but only "a self-serving, [and] exceedingly flimsy, range that is in fact not representative of fee awards in many SIRVA cases." *Id.* at 3-5. In support of her argument, petitioner pointed out "that despite the number of SIRVA claims for which petitioner's law firm, Conway, Homer & Chin-Caplan, P.C. ("CHCC"), has been awarded attorneys' fees and costs, the respondent referenced only one[.]" *Id.* at 4. Petitioner contends that "[a] brief review of SIRVA cases from CHCC revealed that CHCC has consistently been awarded an amount of attorneys' fees and costs significantly higher than the range cited [by respondent]" *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience evaluating fee applications in similar Vaccine Act claims, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

On August 16, 2016, petitioner filed a supplemental motion for attorneys' fees in the amount of $1,004.50 for preparing the reply. (ECF No. 37). The undersigned finds the additional hours spent preparing the reply to be reasonable and awards the full amount requested.[3] Thus, the total awarded for fees and costs is **$26,193.41**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motions for attorneys' fees and costs.

---

[3] The undersigned may reduce the attorneys' fees sought for additional filings of a substantially similar reply in other cases.

2

**Accordingly, the undersigned awards the total of $26,193.41**[4] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Conway, Homer & Chin-Caplan, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.